# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

TIMOTHY DAWSON             ]
      **Plaintiff,**        ]
                         ]
**v.**                       ]       **No. 3:10-0038**
                         ]       **Judge Campbell**
**DICKSON COUNTY JAIL**   ]
      **Defendant.**     ]

# M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Dickson County Jail, seeking injunctive relief and damages.

Prior to being transferred to his present place of confinement, the plaintiff was an inmate at the Dickson County Jail. While there, the plaintiff alleges that his constitutional rights were violated. More specifically, he claims that he was punished for a disciplinary infraction he did not commit. In addition, the plaintiff complains about a lack of recreation, inadequate medical care, and being transferred in retaliation for exercising his legal rights.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991); *see also* Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007)(a county sheriff's department is also not a "person" subject to liability

under § 1983). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Dickson County, the entity responsible for the operation of the Dickson County Jail. However, for Dickson County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, the plaintiff has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.


Todd Campbell
United States District Judge